**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

STEWARTS COMPLETE LOGISTICS,
LLC,

      Plaintiff,

      v.                                    CASE NO. 3:26-CV-269-SJF

PILOT TRAVEL CENTERS, LLC,

      Defendant.

**OPINION and ORDER**

Ripe before the Court is Defendant's Motion to Transfer the above captioned case to the United States District Court for the Southern District of Georgia under 28 U.S.C. § 1404(a). For the reasons explained below, this Court is not the proper venue on removal. Thus, this case will be transferred to the proper venue, the United States District Court for the Southern District of Indiana, for further action.

## I.    Background

This case arises from a driver's purchase of allegedly contaminated fuel from one of Defendant's travel stops. Plaintiff filed a complaint in Howard Superior Court in Howard County, Indiana, on January 22, 2026. Defendant removed the case to this Court on March 2, 2026, invoking this Court's diversity jurisdiction under 28 U.S.C. §§ 1332. Defendant then moved to transfer the case to the United States District for the Southern District of Georgia on April 6, 2026. In its motion, Defendant contends that the law supports transfer of this case because the event at issue occurred in Georgia, and

transfer would serve the convenience of the parties and witnesses. [DE 7 at 4-5].

Plaintiff has not responded to the motion despite being afforded time to do so in

accordance with the Court's local rules. *See* N.D. Ind. L.R. 7-1(d)(3). The motion is ripe

for ruling.

## II.    Discussion

Under 28 U.S.C. § 1404(a), a federal district court may transfer any civil action to

any other district for the convenience of the parties and witnesses and in the name of

justice, if venue is proper in both courts. The typical § 1404(a) transfer analysis thus

involves a balancing of private and public interests through separate inquiries into (1)

proper venue in the transferor and transferee courts; (2) the convenience of parties and

witnesses; and (3) the interest of justice. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l,*

*Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

As stated, the first inquiry of the transfer analysis considers whether this Court

and the transferee court are proper venues. Here, Defendant removed the case to this

Court from Howard Superior Court in Howard County, Indiana. Venue is therefore

determined by the removal statute. *See* 28 U.S.C. §1390(c) (stating that the general venue

statues at 28 U.S.C. § 1391 et seq. do "not determine the district court to which a civil

action pending in a State court may be removed."); *see also Cocquyt v. Norfolk S. Corp.*,

No. 3:22-CV-1022-RLM-MGG, 2023 WL 2446339, at *2 (N.D. Ind. Mar. 8, 2023)(stating

that "removal venue is determined by § 1441 and not by § 1391"). The removal statutes

provide that a civil action brought in a State Court may be removed "to the district

court of the United States for the district and division embracing the place where such

action is pending." 28 U.S.C. § 1441(a). This case was originally filed in Howard County, Indiana, which is in the geographic area of United States District Court for the Southern District of Indiana, Indianapolis. *See* U.S.C. § 94(b)(1) ("The Indianapolis Division comprises the counties of . . . Howard . . ..").

Defendant asks this Court to transfer this case to the Southern District of Georgia under 28 U.S.C. § 1404(a), but "[s]ection 1404(a) applies only if the initial federal forum is a proper venue." § 3829 Waiver of Venue Defects, 14D Fed. Prac. & Proc. Juris. § 3829 (4th ed.). This case should have been removed to the Southern District of Indiana, so this Court is not a proper venue. "If venue is not proper, any transfer must proceed under 28 U.S.C. § 1406." *Marion T LLC v. Formall, Inc.*, No. 1:12-CV-01833-TWP, 2013 WL 1768665, at *2 (S.D. Ind. Apr. 24, 2013)(internal citations omitted); *see also Pearson v. Barclay Bank of Delaware*, No. 2:12-CV-313-JMS-DKL, 2013 WL 1296427, at *2 (S.D. Ind. Mar. 25, 2013)("Filing a removal petition in the wrong district is ordinarily a matter of venue rather than subject matter jurisdiction."). Under 28 U.S.C. § 1406(a), the Court "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division where it could have been brought."). Given Plaintiffs' lack of objection to removal, the Court finds that transfer to the Southern District of Indiana for further proceedings is in the interest of justice. *See also Cocquyt*, 2023 WL 2446339, at *3 ("[T]ransfer of a removed case to the proper venue in the interest of justice [under § 1406] cures the removal defect.").

**III.    Conclusion**

For these reasons, the Court **DIRECTS** the Clerk to **TRANSFER** this action to the

United States District Court for the Southern District of Indiana, Indianapolis Division.

**SO ORDERED** this 30th day of April 2026.


s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge

4